

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NOS. AP-76,234 & AP-76,235

**EX PARTE JOHN EDISON LASHER, Applicant**

## ON APPLICATIONS FOR WRITS OF HABEAS CORPUS CAUSE NOS. CM-01-192-1 AND CM-01-193-1 IN THE 278TH JUDICIAL DISTRICT COURT FROM LEON COUNTY

*Per curiam.*

## O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court these applications for writs of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty to one charge of aggravated sexual assault of a child, and one charge of indecency with a child, and originally received deferred adjudication community supervision. His guilt was later adjudicated, and he was sentenced to life imprisonment for the aggravated sexual assault, and ten years' imprisonment for the indecency charge.

Applicant contends that he was denied his right to appeal through no fault of his own. His trial counsel filed a motion to withdraw, and requested that appellate counsel be appointed. The trial court granted the motion and appointed appellate counsel, but appellate counsel was not notified of the appointment until the time for filing a notice of appeal had expired. The Tenth Court of Appeals dismissed Applicant's appeals as untimely. *Lasher v. State*, Nos. 10-07-00081-CR & 10-07-00082-CR (Tex. App. – Waco, May 30, 2007).

The trial court has determined that Applicant was denied the assistance of counsel during the period for filing a notice of appeal, through no fault of his own. We find that Applicant did not have any assistance of counsel during the time for filing a notice of appeal, and therefore he is entitled to the opportunity to file an out-of-time appeal of the sentences imposed after adjudication of guilt in Cause Nos. CM-01-192-1 and CM-01-193-1 from the 278th Judicial District Court of Leon County. Applicant is ordered returned to that time at which he may give a written notice of appeal so that he may then, with the aid of counsel, obtain a meaningful appeal. All time limits shall be calculated as if the sentence had been imposed on the date on which the mandate of this Court issues. We hold that, should Applicant desire to prosecute an appeal, he must take affirmative steps to file a written notice of appeal in the trial court within 30 days after the mandate of this Court issues.

Delivered: September 30, 2009
Do Not Publish